IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                           )<br>           Plaintiff,           )<br>                                                           )<br>     vs.                                          )<br>                                                           )<br>THAN VAN PHAM,                          )<br>                                                           )<br>           Defendant.           ) | Case No. 8:09CR394<br><br><br>ORDER |

This matter came before the court on the defendant's Motion to Sever Counts (#23). Hearing was held and argument heard on December 23, 2009.

Than Van Pham is charged in Count One with conspiracy to distribute and possess with intent to distribute 500 grams of methamphetamine, between October 2006 and July 3, 2009. He is charged in Count Two with felon in possession of ammunition on July 3, 2009. The prior felony conviction alleged in Count Two is possession of a controlled substance. The motion to sever requests relief from both improper joinder under Rule 8 and prejudicial joinder under Rule 14 of the Federal Rules of Criminal Procedure.

### I. FACTUAL BACKGROUND

At the hearing on the motion to sever, the parties agreed that the relevant facts are as set out in their briefs. Specifically as to the ammunition, the parties agree that it was located on July 3, 2009 as a result of the execution of a search warrant at 302 Martha Street in Barneston, Nebraska, the residence of the defendant Van Pham. During the search law enforcement officers located an unopened box containing 100 rounds of .22 caliber long rifle ammunition, one loose .22 caliber round, a box containing nine 30-30

cartridges, and items of drug paraphernalia, some of which contained methamphetamine residue.

The parties agree that during Van Pham's participation in the alleged drug conspiracy, that there was no evidence that the defendant used or possessed a firearm during drug trafficking.

## II. FED. R. CRIM. P. 8(a)

Fed. R. Crim. P. 8(a) permits the Government to charge multiple counts in a single indictment, provided the offenses charged are (1) of the same or similar character, (2) are based on the same act or transaction, or (3) constitute parts of a common scheme or plan. Joinder is proper if any one of these three standards is met. Thus, Rule 8 generally favors joinder "to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008). Joint trials, on all counts of an indictment, are generally preferable for several reasons. First, separate trials necessarily involve a certain degree of "inconvenience and expense." *See United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir.), *cert. denied*, 539 U.S. 969 & 540 U.S. 960 (2003) (case involving motion to sever defendants). In *Pherigo*, the Eighth Circuit also observed that trying all counts together serves the important function of giving "the jury the best perspective on all of the evidence," thereby increasing the likelihood that the jury will reach "a correct outcome." *Id.*

In this case, Van Pham claims that the offenses of conspiracy to distribute methamphetamine and possession of ammunition are not based on the same act or transaction, and are not connected with or constituting parts of a common scheme or plan.

"[T]here is no categorical rule or presumption that firearms and narcotics are subject to joinder." *United States v. Johnson*, 462 F.3d 815, 822 (8th Cir. 2006), *cert. denied*, 549 U.S. 1298 (2007) (citing *United States v. Boyd*, 180 F.3d 967, 982 (8th Cir. 1999)).  In affirming the joinder of firearms and narcotics charges in *Boyd*, the court relied heavily upon the fact that "both times Boyd was found in constructive possession of weapons there were controlled substances in the immediate vicinity." *United States v. Boyd*, 180 F.3d at 982.  Due to the immediate temporal and logical connection between the firearms and the narcotics, the circuit held "it is therefore reasonable to assume that the firearms could have been used as a vital part of the plan to possess and distribute drugs." *Id.* (internal quotations, brackets, and citations omitted).

While Van Tham's alleged drug traffic activity took place not at the location of the search, but at other locations, the ammunition was found in his residence along with drug paraphernalia, some of which contained methamphetamine residue.  Due to the immediate temporal and logical connection between the ammunition and narcotics, I find that it is reasonable to assume that the ammunition is, in fact, connected to a firearm and that ammunition and firearms could be used as a vital part of a plan to possess and distribute drugs.  I find that the count of conspiracy to distribute and possess with intent to distribute methamphetamine and the count of felon in possession of a firearm are, in fact, based on the same act or transaction and constitute a part of a common scheme or plan.  The counts are properly joined under Rule 8.

### III.  Fed. R. Crim. P. 14

Once the offenses are properly joined under Rule 8, Rule 14 specifies that the district court may order separate trials if a joint trial would "prejudice a defendant or the government."  The danger of prejudice to a defendant is inherent in any proceeding in which the Government tries a single defendant for multiple crimes.  For example, a jury may improperly use evidence of one crime to infer that a defendant committed another offense.  *See United States v. Boyd*, 180 F.3d at 981.  Indeed, a jury may cumulate evidence to find guilt on all crimes, whereas it would not have found guilt on any crime, if it had considered the offenses separately.  *See Id.*  Only in an unusual case, however, will the prejudice resulting from a joint trial be substantial enough to outweigh the "general efficiency of joinder."  *See Taken Alive*, 513 F.3d at 903.  Accordingly, separate trials are required only where prejudice caused by a joint trial is "severe or compelling."  *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir.), *cert. denied*, 546 U.S. 994 (2005); *Pherigo*, 327 F.3d at 693.  Severe prejudice occurs when a defendant is deprived of "an appreciable chance for an acquittal," a chance that defendant "would have had in a severed trial."  *Boyd*, 180 F.3d at 982.

In this case, Van Pham claims that a joint trial on the charges of conspiracy to distribute methamphetamine and felon in possession of ammunition will unfairly prejudice him because the jury may consider the ammunition count as improper character evidence, and if severed, the jury in his drug conspiracy trial would not be aware of his prior felony conviction for possession of a controlled substance.

While Van Pham does not contend his case is unusually complex, he does contend that evidence pertaining to the felon in possession of ammunition count might be improperly used by the jury to convict him on Count One. Van Pham, however, has not shown that a cautionary instruction informing the jury to give separate consideration to the evidence as to each individual count, would not be sufficient. In this case, the counts can easily be compartmentalized by a properly instructed jury. Any allegation of prejudice resulting from the elements of one count or incidence of spillover is not grounds for severance, as our circuit has ruled that it is presumed that a jury can, in fact, properly consider each count independently. *United States v. Bear Stops*, 997 F.2d 451, 459 (8th Cir. 1983).

Because nothing in the record shows that a jury could not segregate the evidence needed to establish each of the offenses, Van Pham's motion to sever is denied.

### ORDER

**IT IS ORDERED** that the defendant's Motion to Sever Counts (#23) is denied.

A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

**DATED December 23, 2009.**

        BY THE COURT:

        s/ F.A. Gossett
        **United States Magistrate Judge**